UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

TONY GARCIA,

Defendant.

No. 16-cr-719-2 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

By letter dated April 7, 2020, Defendant Tony Garcia moved for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic. (Doc. No. 272 ("Garcia Ltr.").) The government opposes his motion. (Doc. No. 270 ("Gov't Ltr.").) Because Garcia has not yet exhausted his administrative remedies, his request is DENIED without prejudice. Nevertheless, for the reasons stated below, the Court recommends that the Bureau of Prisons ("BOP") consider releasing Garcia to home confinement pursuant to its authority under 18 U.S.C. §§ 3622 and 3624(c)(2).

Garcia is currently serving a sentence of one year and one day imprisonment that the Court imposed on February 26, 2020 stemming from his violations of supervised release. (Doc. No. 265.) He has been in the custody of the BOP since December 16, 2019. (Doc. No. 258.) Garcia requests that the Court order his "release . . . to home confinement subject to electronic monitoring" pursuant to 18 U.S.C. § 3582(c)(1)(A) "until the [COVID-19] pandemic ends," at which time he "would return to the custody of the BOP to complete his sentence." (Garcia Ltr. at 1–2.) He contends that the Metropolitan Detention Center (the "MDC") in Brooklyn – the facility in which he is housed – is ill-equipped to limit the spread of COVID-19 among inmates, which is particularly dangerous to him

because he is asthmatic and therefore at acute risk for severe illness if infected. (*Id.* at 2–3.) Garcia did not wait 30 days after seeking relief from the BOP to bring his motion, but sought relief through the BOP and this Court relatively simultaneously. (*See id.* at 1.) The government opposes Garcia's request, maintaining that "[u]ntil [Garcia] exhausts his administrative remedies, . . . the Court must take no action upon [his] application." (Gov't Ltr. at 2.)

The Court recently examined the issues that Garcia's request for compassionate release raises in detail in *United States v. Ogarro*, No. 18-cr-373 (RJS) (S.D.N.Y. Apr. 14, 2020), ECF No. 666. Specifically, the Court determined that section 3582(c)'s "exhaustion proscription is clear" and "mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* at 6 (quoting 18 U.S.C. § 3582(c)(1)(A)). The Court further held that it has no authority to waive that exhaustion requirement. *Id.* at 7. Accordingly, Garcia's failure to exhaust his administrative remedies compels the Court to deny his motion.[1]

Although the Court is not at this time empowered to reduce Garcia's sentence under section 3582(c), there exist two potential remedies that can offer him the type of relief that he is seeking. The first is a furlough under 18 U.S.C. § 3622. As at least one other court has acknowledged, section 3622 "would provide a means to release [Garcia] until the threat posed by COVID-19 subsides and [he] [could] be safely returned to prison to finish [his] sentence." *Roberts*, 2020 WL 1700032, at *3. The second is home confinement as contemplated in the recently enacted CARES Act, Pub. L. No.

---

[1] As it did in *Ogarro*, No. 18-cr-373 (RJS), ECF No. 666, at 10 n.5, the Court notes its skepticism that section 3582(c) authorizes the specific type of relief that Garcia seeks here: a temporary compassionate release that would end once the COVID-19 pandemic subsides. *See United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020) ("At most, Section 3582(c) allows a court to '*reduce*' a term of imprisonment if the requirements for compassionate release are satisfied. By its plain terms, therefore, the statute does not permit the Court 'to order [Garcia] temporarily released from custody until circumstances improve.'" (internal citations omitted)).

116-136 (2020), and the Attorney General's April 3, 2020 memorandum to the BOP. Under the CARES Act § 12003(b)(2), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2), which recognizes the BOP's authority to release inmates to home confinement in certain circumstances. The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of COVID-19. *See* Memorandum from Att'y Gen. William Barr to Dir. of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download. Significantly, both of these remedies are exclusively within the discretion of the BOP; the Court lacks authority to order either one.

Nevertheless, the Court is certainly free to make a recommendation to the BOP that it consider allowing Garcia to be immediately transferred to home confinement. While recognizing that the ultimate decision of whether to release an inmate to home confinement rests with the BOP, the Court recommends that – in light of Garcia's personal medical history, the relative proximity of his expected release date, and the public health and safety considerations raised by the ongoing pandemic – the BOP consider promptly placing Garcia in home confinement in order to mitigate Garcia's health risk, pursuant to 18 U.S.C. §§ 3622, 3624(c)(2), and the CARES Act. The Clerk of Court is respectfully directed to terminate the motion pending at document number 272, and the government is directed to serve a copy of this order on the warden of the MDC and to the Regional Counsel of the BOP.

SO ORDERED.

Dated:     April 15, 2020
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation