UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

+-------------------------------------+
|                                     |
| UNITED STATES OF AMERICA            |
|                                     |
|         -v-                         |
|                                     |
| TONY GARCIA,                        |
|                                     |
|                   Defendant.        |
|                                     |
+-------------------------------------+

No. 16-cr-719-2 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court is a renewed request by Defendant Tony Garcia for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic. (Doc. No. 275.)  Garcia previously sought such relief in early April (Doc. No. 272), which the government opposed on procedural grounds (Doc. No. 270).  The Court denied Garcia's request, finding that he had failed to exhaust his administrative remedies.  (Doc. No. 273.)  Since then, Garcia has satisfied that procedural hurdle, and the Court may now consider his motion on the merits.  Although Garcia has a medical condition that puts him at a higher risk of serious health consequences should he contract COVID-19, the reasons supporting his sentence – imposed less than three months ago – weigh strongly against a compassionate release at this time.  Accordingly, Garcia's motion is DENIED.

On December 16, 2019, Garcia was charged with two violations of supervised release – committing the New York state crimes of assault in the third degree and endangering the welfare of a child – arising from the assault of his girlfriend in front of their six-year old daughter.  (Doc. No. 278 ("Gov't Ltr.") at 1.)  That same day, the Court ordered him detained pending a hearing on the violations.  (Id.)  On January 22, 2020, Garcia admitted to both specifications, which carried an

advisory Guidelines range of seven to 13 months' imprisonment.  (*Id.*)

On February 26, 2020, the Court sentenced Garcia within that range to one year and one day imprisonment, with credit for time served, to be followed by three years of supervised release.  (Doc. No. 265.)  In so doing, the Court acknowledged that Garcia was doing "pretty well" on supervised release – he was working, being a part of his daughter's life after having been away for 28 months, and dealing with his substance abuse problems through treatment.  (Doc. No. 266 ("Sent. Tr.") at 16.)  Nevertheless, the Court recognized the gravity of Garcia's breach of the Court's trust and the seriousness of the violent violations, emphasizing the "deep consequences to the victim," to the witnesses like Garcia's daughter, and "to entire families" that create "tremendous scars."  (*Id.* at 17.)  The Court therefore concluded that, given the nature of the violations and Garcia's history, a "significant sentence" of one year and one day imprisonment was appropriate.  (*Id.* at 18.)  Garcia has served approximately half of his sentence thus far and is expected to be released on October 22, 2020.

On April 7, 2020, Garcia moved for compassionate release because of the current COVID-19 pandemic.  (Doc. No. 272.)  He requested that the Court order his "release . . . to home confinement subject to electronic monitoring" pursuant to 18 U.S.C. § 3582(c)(1)(A) "until the [COVID-19] pandemic ends," at which time he "would return to the custody of the [Bureau of Prisons ("BOP")] to complete his sentence."  (*Id.* at 1–2.)  He contended that the Metropolitan Detention Center (the "MDC") in Brooklyn – the facility in which he is housed – is ill-equipped to limit the spread of COVID-19 among inmates, which is particularly dangerous to him because he is asthmatic and therefore at acute risk for severe illness if infected.  (*Id.* at 2–3.)  The government opposed Garcia's request, maintaining that "[u]ntil [Garcia] exhausts his administrative remedies, . . . the Court must take no action upon [his] application."  (Doc. No. 270 at 2.)

On April 15, 2020, the Court denied Garcia's motion without prejudice, finding that Garcia

had failed to exhaust his administrative remedies.  (Doc. No. 273.)  Three weeks later, Garcia renewed his request, stating that he has since remedied that procedural defect.  (Doc. No. 275.)  The government again opposes his request, contending that he "has not established extraordinary and compelling reasons for release" (Doc. No. 278 at 4) and that the 18 U.S.C. § 3553(a) factors weigh against release (*id.* at 5–6).

The Court "may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) (internal quotation marks omitted).  Section 3582(c)(1)(A) provides one such exception, often referred to as "compassionate release."  Through that provision, the Court may "reduce" a defendant's sentence where "extraordinary and compelling reasons warrant such a reduction," and such relief would be consistent with both the factors in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Here, Garcia maintains that the COVID-19 pandemic, together with his heightened risk from asthma, merits a compassionate release.  The Court disagrees.

First, the Court is skeptical that by merely alleging that he "has asthma, . . . is in prison, and [that] there is a COVID-19 outbreak nationwide," Garcia presents the type of "extraordinary and compelling reasons" that demand relief.  *See United States v. Rodriguez*, No. 16-cr-167 (LAP), 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020) (rejecting a similar compassionate release motion).  Indeed, the Court has only limited information about the severity of Garcia's asthma and is also mindful that the MDC and other federal detention facilities are undertaking steps to minimize the danger COVID-19 poses to inmates (Gov't Ltr. at 4–5 (describing those steps)).  *See, e.g.*, *United States v. Lynch*, No. 20-cr-202 (LAP), 2020 WL 2145363, at *3 (S.D.N.Y. May 5, 2020) (denying bail where the defendant "proffer[ed] no medical complications that he ha[d] experienced . . . as a result of his asthma" and where "the [g]overnment . . . detailed the steps taken by [the] Bureau of

Prisons in general and the MCC in particular to minimize the effect of COVID-19"); *United States v. Belle*, No. 18-cr-117 (VAB), 2020 WL 2129412, at *5 (D. Conn. May 5, 2020) (holding that the mere fact that a defendant has asthma is not enough to demonstrate that he is at severe risk from COVID-19 should he remain incarcerated).

Second, even if Garcia could make this threshold showing, his motion would still fail.  Before the Court may grant compassionate release, it must assess the section 3553(a) factors to determine "whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *United States v. Ebbers*, No. 02-cr-1144 (VEC), 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020); *see also United States v. Walter*, No. 18-cr-834, 2020 WL 1892063, at *2–3 (S.D.N.Y. Apr. 16, 2020) (denying compassionate release despite the presence of "extraordinary and compelling reasons" because, among other things, the section 3553(a) factors did not favor early release); *United States v. Butler*, No. 19-cr-834 (PAE), 2020 WL 1689778, at *2–3 (S.D.N.Y. Apr. 7, 2020) (same).

In this case, on balance, the section 3553(a) factors strongly disfavor compassionate release. In particular, (1) "the nature and circumstances of the offense," (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," all outweigh the facts that might otherwise support Garcia's release. *See* 18 U.S.C. § 3553(a).

The Court's reasons for imposing a sentence of one year and one day imprisonment on Garcia are just as applicable today as they were three months ago.  (*See* Sent. Tr. at 15–18.)  Releasing Garcia now, when he has served only about half of that sentence, would disserve those important interests. *See Walter*, 2020 WL 1892063, at *3; *Butler*, 2020 WL 1689778, at *3.  Indeed, though Garcia was adjusting well to supervised release, he breached the Court's trust and violated the conditions of that

release in a violent manner.  Cutting his sentence in half would undermine its deterrent effect and would likely increase Garcia's chance of recidivism.  Moreover, as the Court explained during the February 26, 2020 sentencing, the seriousness of Garcia's crimes – violently assaulting his girlfriend in front of their six-year-old daughter – merits a harsher punishment than six months' imprisonment.

The Court is sympathetic to Garcia's concerns for his health, but the relief he seeks is an inappropriate remedy in these circumstances.  *See Ebbers*, 2020 WL 91399, at *7 (acknowledging that compassionate release should not "undermine the goals of the original sentence").  And though a case could be made for moving Garcia to home confinement until the pandemic passes, that is not permitted by or consistent with the purposes of the compassionate release statute.  *See Roberts*, 2020 WL 1700032, at *3 ("[T]he compassionate release statute does not allow the Court to grant [the defendant] . . . *temporary* release from custody.").

Of course, as the Court noted in its previous order (Doc. No. 273), Garcia may still pursue relief in the form of a furlough under 18 U.S.C. § 3622 or home confinement as contemplated in the CARES Act, Pub. L. No. 116-136 (2020), and the Attorney General's April 3, 2020 memorandum to the BOP.  The decision to grant that relief, however, is exclusively reserved to the discretion of the BOP.

For the reasons set forth above, Garcia's motion for compassionate release is DENIED.  The Clerk of Court is respectfully directed to terminate the motion pending at document number 275.

SO ORDERED.

Dated:       May 19, 2020
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation